1  Keith A. Custis (SBN 218818)
2  kcustis@custislawpc.com
   **CUSTIS LAW, P.C.**
3  1999 Avenue of the Stars, Suite 1100
   Los Angeles, California 90067
4  Telephone: (213) 863-4276
5  Facsimile: (213) 863-4277

6  *Counsel for Plaintiff and the Proposed*
7  *FLSA Collective and Classes*

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                    **EASTERN DIVISION**

11 COURTNEY CHEEVER,            Case No. 5:21-cv-1387
   individually and on behalf of all
12 others similarly situated,       **CLASS AND COLLECTIVE ACTION**
13                                **COMPLAINT**

14        Plaintiff,            (1)  Failure to Pay Minimum Wages (29 U.S.C
                                     § 206);
15 vs.                          (2)  Failure to Pay Minimum Wages (Labor
16                                   Code §§ 1182.12, 1194, 1197 and 1198);
   TUESDAY MORNING, INC., a     (3)  Failure to Pay Overtime Wages (Labor
17 Texas corporation,                Code §§ 510, 1194, 1198);
18                              (4)  Failure to Provide Rest Periods (Labor
          Defendant.                 Code §§ 226.7 and 1198)
19                              (5)  Failure to Provide Meal Periods (Labor
20                                   Code §§ 226.7, 512(a) and 1198);
                                (6)  Failure to Reimburse Business Expenses
21                                   (Lab. Code § 2802);
22                              (7)  Failure to Provide Accurate Wage
                                     Statements (Lab. Code § 226);
23                              (8)  Failure to Pay Wages Timely During
24                                   Employment (Lab. Code § 204);
                                (9)  Failure to Pay Wages Timely at
25                                   Termination (Lab. Code §§ 201-203); and
26                              (10) Violations of the Unfair Competition Law.

27                              **JURY TRIAL DEMANDED**

28

*Counsel for Plaintiff and the Proposed*

(left margin, vertical) CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

Plaintiff Courtney Cheever, on behalf of herself and a class of similarly situated individuals, alleges upon personal knowledge as to her own actions and upon information and belief as to all other matters, as follows:

## **INTRODUCTION**

1.     This is a putative class and collective action brought by individual and representative Plaintiff Courtney Cheever, on behalf of herself and the proposed nationwide FLSA Collective and a California Class. Plaintiff and members of the FLSA Collective and California Class are or were employed by Defendant Tuesday Morning, Inc. as hourly-paid, non-exempt employees and were denied proper compensation as required by federal and state wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure.

2.     The FLSA Collective is made up of all persons who Defendant employed as hourly-paid, non-exempt employees at any time within three years prior to this action's filing date through the trial of this action (the "FLSA Collective Period").

3.     During the FLSA Collective Period, Defendant failed to pay minimum wages to Plaintiff and each member of the FLSA Collective as required by federal law. Plaintiff seeks relief for herself and for the FLSA Collective under the FLSA to remedy Defendant's failure to pay appropriate minimum wage compensation.

4.     The California Class is made up of all persons who Defendant employed as hourly-paid, non-exempt employees and/or exempt employees in the State of California at any time within four years prior to this action's filing date through the trial of this action (the "California Class Period").

5.     During the California Class Period, Defendant failed to pay minimum wages and overtime compensation to Plaintiff and each member of the California Class as required by California law, and therefore failed to pay all wages timely during employment and all wages due at separation. Defendant also failed to authorize, permit, or provide meal and rest periods and failed to provide complete and accurate

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

wage statements. Defendant also failed to reimburse Plaintiff and each member of the California Class for business expenses necessarily incurred for the benefit of the employer, arising from Defendant's requirement that Plaintiff and members of the California Class use their personal cell phone for work purposes. Plaintiff seeks relief for herself and the California Class under California law to remedy Defendant's failure to pay appropriate minimum wage and overtime compensation, to provide, authorize, and/or permit meal and rest periods, to reimburse all necessary business expenses, to promptly pay all wages during employment and at the time of separation, and to provide accurate wage statements, in addition to equitable and injunctive relief.

6.     All claims under California state law are brought on behalf of all persons who are or were employed by Defendant as hourly-paid, non-exempt employees during the California Class Period.  The claim for unreimbursed business expenses under California law is also brought on behalf of all persons who are or were employed by Defendant as exempt employees during the California Class Period.

## PARTIES

7.     Plaintiff Courtney Cheever ("Plaintiff") is and at all times relevant to this Complaint was a citizen of California, and a resident of Riverside County.

8.     Defendant Tuesday Morning, Inc. ("Tuesday Morning" or "Defendant") is and at all times relevant to this Complaint was a Texas corporation with its principal place of business in Texas, and a citizen of Texas. Tuesday Morning does business throughout California including in Riverside County.

## JURISDICTION AND VENUE

9.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq*. Plaintiff has signed a consent form to join this lawsuit, which is attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as opt-in plaintiffs. The Court has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367.

10.     The Court has personal jurisdiction over Tuesday Morning because Tuesday Morning does business throughout California.

11.     Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391, because Plaintiff worked in Riverside County, California, because Plaintiff resides in Riverside County, and because a substantial part of the events giving rise to the claims occurred in this district. This case is properly assigned to the Eastern Division of the Central District.

## GENERAL ALLEGATIONS

12.     Tuesday Morning operates retail stores throughout the United States, including in California.

13.     Tuesday Morning employed Plaintiff as an hourly-paid, non-exempt employee in California from August 5, 2019 until June 18, 2021.

14.     Upon information and belief, Tuesday Morning subjected Plaintiff and other current and former Class and FLSA Collective members to the same policies, practices and procedures governing the control and payment of wages and hours worked, the reimbursement of business expenses and uniformly denied Plaintiff and other members of the FLSA Collective the rights afforded to them under the FLSA, and uniformly denied Plaintiff and other members of the California Class the rights afforded to them under the California Labor Code, IWC Wage Order No. 4–2001 and the California Business and Professions Code.

15.     Upon information and belief, Defendant issued the same formatted wage statements to Plaintiff and other Class and FLSA Collective members.

16.     Upon information and belief, Defendant processes payroll for all departing Class members in the same manner, regardless of the manner in which each employee's employment ends.

17.     Plaintiff generally worked three (3) to five (5) shifts per week of between four (4) and six (6) hours, but also worked shifts of approximately eight (8) hours and in excess of eight (8) hours.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CLASS AND COLLECTIVE ACTION COMPLAINT

18.     On information and belief, other members of the FLSA Collective and California Class worked, and continue to work, shifts of between four (4) and six (6) hours, shifts of in excess of (6) hours and shifts in excess of eight (8) hours.

A.     **Defendant's Failure to Pay Minimum Wage For All Hours Worked**

19.     Upon information and belief, Defendant knew or should have known that Plaintiff, the FLSA Collective, and the California Class were entitled to receive at least minimum wage for all hours worked, and that they were not receiving at least minimum wage for all hours worked.

20.     Upon information and belief, Defendant's compensation practices and policies systematically failed to pay Plaintiff, the FLSA Collective, and the California Class the applicable minimum wage for all hours worked because Defendant required Plaintiff, the FLSA Collective, and the California Class to work off-the-clock without compensation by:

    a.     Requiring Plaintiff, the FLSA Collective, and the California Class to line up to undergo off-the-clock security and loss-prevention bag checks after clocking out for the end of their shifts;

    b.     Requiring Plaintiff, the FLSA Collective, and the California Class, during the COVID-19 pandemic, to line up to wait to undergo and to undergo off-the-clock medical questionnaires and temperature checks prior to being permitted to clock in for their shifts;

    c.     Requiring Plaintiff, the FLSA Collective, and the California Class to access an app on their personal cell phones for work purposes while off the clock;

    d.     Requiring Plaintiff, the FLSA Collective, and the California Class to respond to work-related emails and text messages while off the clock;

    e.     Requiring Plaintiff, the FLSA Collective, and the California Class to complete mandatory employment-related web-based training while off-the-clock; and

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

f.   Shaving time from the total hours worked by Plaintiff, the FLSA Collective, and the California Class, by editing the employees' time records to reduce regular hours worked and to reduce and/or eliminate overtime hours worked.

**B.   Defendant's Failure to Pay Overtime Compensation**

21.   Upon information and belief, Defendant knew or should have known that Plaintiff and other California Class members were entitled to receive overtime compensation for hours worked in excess of eight (8) hours in a day and forty (40) hours in a week, and that they were not receiving required overtime compensation.

22.   As detailed above, Defendant knowingly required, suffered and permitted Plaintiff and other members of the California Class to perform duties off-the-clock and failed to compensate them for all hours worked, including all overtime hours worked.

23.   Defendant also engaged in a practice of shaving and/or editing the time records of Plaintiff and the California Class to eliminate and/or reduce overtime hours worked.

24.   Additionally, because Plaintiff and other California Class members worked shifts of eight (8) hours in a single day, in excess of eight (8) hours in a single day, and/or close to and/or in excess of forty (40) hours in week, some of the off-the-clock work performed by Plaintiff and other members of the California Class qualified as overtime under California law, and should have been paid at the applicable overtime rate.

**C.   Defendant's Failure to Provide Off-Duty Rest Periods**

25.   Upon information and belief, Defendant knew or should have known that Plaintiff and other members of the California Class were entitled to receive all 10-minute rest periods in accordance with the Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at Plaintiff's and other California Class members' regular rates of pay when a compliant rest period was missed, and that Plaintiff and other California Class members did not receive all rest periods or

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

payment of one (1) additional hour of pay at Plaintiff's and other California Class members' regular rates of pay when a compliant rest period was missed.

26.     Throughout the relevant period, Plaintiff and other California Class members routinely worked shifts in excess of three-and-a-half hours and in excess of of six hours, and were thus entitled, respectively, to one or two timely, uninterrupted ten (10) minute rest periods.

27.     Throughout the relevant time period, Defendant's scheduling and staffing policies and practices, or lack thereof, prevented Plaintiff and other California Class members from being relieved of all duty in order to take the compliant rest periods to which they were entitled.

28.     Notwithstanding any formal written policy to the contrary, Defendant's actual custom and business practice was to undermine any formal policy of providing legally required rest periods by pressuring employees to perform their duties in ways that omitted breaks, including, but not limited to, scheduling a heavy workload that made taking rest periods extremely difficult, maintaining an informal anti-rest-period policy enforced through pressure, failing to schedule rest periods, failing to provide rest-period coverage, and otherwise discouraging employees from taking legally protected rest periods. Plaintiff and other California Class members routinely worked through their shifts without being able to take a legally complaint rest period.

29.     Additionally, Defendant systematically failed to provide Plaintiff and other California Class members one additional hour of compensation at their regular rate of pay for each workday that an off-duty, uninterrupted 10-minute rest period was not provided.

30.     Upon information and belief, Defendant failed to implement any practice or procedure to pay rest period premiums when Plaintiff and other California Class members missed a required rest period.

31.     Defendant also failed to compensate Plaintiff and other California Class members for the time they spent working instead of taking legally compliant rest

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

1  periods.

2  **D.**    **Defendant's Failure to Provide Compliant Off-Duty Meal Periods**

3    32.    Upon information and belief, Defendant knew or should have known that

4  Plaintiff and other California Class members were entitled to meal periods in

5  accordance with the Labor Code or payment of one (1) additional hour of pay at their

6  regular rates of pay when they were not provided with timely, uninterrupted, thirty

7  (30) minute meal periods, and that Plaintiff and other California Class members were

8  not provided with all required meal periods or payment of one (1) additional hour of

9  pay at their regular rates of pay when they did not receive a timely, uninterrupted,

10  thirty (30) minute meal period.

11    33.    Throughout the relevant period, Plaintiff and other California Class

12  members routinely worked shifts of six (6) or more hours, and were thus entitled to a

13  timely, uninterrupted thirty (30) minute meal period prior to the end of their fifth hour

14  of work.

15    34.    During the relevant time period, Defendant's scheduling and staffing

16  policies and practices, or lack thereof, prevented Plaintiff and other California Class

17  members from being relieved of all duty in order to take compliant meal periods.

18    35.    Notwithstanding any formal written policy to the contrary, Defendant's

19  actual custom and business practice was to undermine any formal policy of providing

20  legally required meal periods by pressuring employees to perform their duties in ways

21  that omitted meal periods, including, but not limited to, scheduling a heavy workload

22  that made taking meal periods extremely difficult, maintaining an informal anti-meal-

23  period policy enforced through pressure, failing to schedule meal periods, failing to

24  provide meal-period coverage, and otherwise discouraging employees from taking

25  legally protected meal periods.

26    36.    Additionally, on information and belief, Defendant had a policy and/or

27  practice that incentivized managerial staff to edit non-exempt employees' clock-in and

28  clock-out times to eliminate evidence of untimely or missed meal periods.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

37.     Upon information and belief, Plaintiff and other California Class members did not validly or legally waive their meal periods by mutual consent with Defendant or otherwise.

38.     Throughout the relevant time period, Defendant also systematically failed to provide Plaintiff and other California Class members with one additional hour of compensation at their regular rate of pay for each work day that Defendant deprived Plaintiff and other California Class members of an off-duty, uninterrupted 30-minute meal period.

39.     Upon information and belief, Defendant failed to implement any practice or procedure to pay meal period premiums when Plaintiff and other California Class members missed a required meal period.

E.     **Defendant's Failure to Reimburse Necessary Business Expenses**

40.     Upon information and belief, Defendant knew or should have known that Plaintiff and other members of the California Unreimbursed Business Expenses Subclass were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

41.     Throughout the relevant time period, Defendant had a uniform policy and/or practice that required Plaintiff and other non-exempt and exempt members of the California Class to download a mobile application to their personal cell phones and to access it frequently at Defendant's direction for work purposes while they were off the clock.   Although Defendant required Plaintiff and other California Class members to use their personal cell phones and cellular data plans for work purposes, Defendant failed to reimburse Plaintiff and other California Class members for the costs they incurred in maintaining a personal cell phone and cellular data plan.

F.     **Inaccurate Wage Statements and Failure to Maintain Accurate Payroll Records**

42.     Upon information and belief, Defendant knew or should have known that Plaintiff and other California Class members were entitled to receive complete and accurate wage statements in accordance with California law, and that Defendant was not providing Plaintiff and other California Class members with complete and accurate wage statements.

43.     Throughout the relevant time period, Defendant had a consistent policy and/or practice of not providing accurate wage statements to Plaintiff and other California Class members. The wage statement deficiencies include the following:

a.     failing to include the accurate amount of "gross wages," "net wages" and "total hours worked by the employee" because Defendant failed to record all hours worked by Plaintiff and other California Class members when they worked off-the-clock;

b.     failing to include the accurate amount of "gross wages," "net wages" and "total hours worked by the employee" because Defendant shaved time to reduce the number of total hours worked;

c.     failing to include the accurate number of "total hours worked by the employee" because Defendant did not include time spent working during on-duty meal periods for which Plaintiff and other California Class members should have been compensated; and

d.     failing to include "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" because Defendant shaved time and edited time records to eliminate and/or reduce overtime hours and to eliminate records of late meal periods.

44.     Because Defendant failed to provide Plaintiff and other California Class members with accurate, itemized wage statements, Plaintiff and other California Class members were never aware of what their true wages should have been, and how they should have been calculated.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

45.     Upon information and belief, Defendant also knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

46.     Throughout the relevant time period, Defendant also failed to maintain accurate payroll records showing the total hours worked daily by, and the wages paid to, Plaintiff and other California Class members. Because Defendant failed to record all hours worked, none of the Defendant's payroll records pertaining to Plaintiff and other California Class members accurately reflect all regular hours worked, overtime hours worked, actual gross wages and net wages earned, and premium wages owed for denied lawful meal and rest periods. As a result of Defendant's failure to maintain accurate payroll records, Defendant prohibited Plaintiff and other California Class members from monitoring whether Defendant compensated them correctly and lawfully.

**G.    <u>Failure to Timely Pay Wages During Employment and at Separation</u>**

47.     Upon information and belief, Defendant knew or should have known that Plaintiff and other California Class members were entitled to timely payment of wages during their employment.

48.     Nevertheless, in violation of the Labor Code, Defendant failed to timely pay Plaintiff and other California Class members all earned wages during their employment.

49.     Upon information and belief, Defendant knew or should have known that Plaintiff and other California Class members were entitled to timely payment of all wages earned when they resigned or were terminated from employment.

50.     Nevertheless, in violation of the Labor Code, Defendant failed to timely pay Plaintiff and other California Class members all their earned wages when they resigned or were terminated from employment.

**<u>COLLECTIVE ACTION ALLEGATIONS</u>**

51.     Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff brings the First Cause of Action on behalf of herself and other similarly situated employees who elect to opt into this action. The similarly situated employees are defined as follows:

> FLSA Collective: All Persons who Defendant employed as hourly-paid, non-exempt employees in the United States during the period starting three years prior to the filing of the initial complaint in this action until trial of this action. ("FLSA Collective").

52.     As detailed above, Defendant is liable under the FLSA for failing to properly compensate Plaintiff and other members of the FLSA Collective the applicable minimum wage for all hours worked because Defendant required Plaintiff and other members of the FLSA Collective to work off-the-clock without compensation and did not record all hours worked.

53.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied minimum wages in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **CLASS ACTION ALLEGATIONS**

54.     Plaintiff brings the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf the following Class and Subclasses:

a.     Class: All persons who worked for Defendants as hourly, non-exempt employees in California at any time from four (4) years prior to the commencement of this action until judgment is entered (the "Class" or "California Class").

b.     Unreimbursed Business Expense Class: All persons who worked for

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

Defendants as hourly, non-exempt employees and/or exempt employees in California at any time from four (4) years prior to the commencement of this action until judgment is entered (the "Unreimbursed Business Expense Class").

c.    <u>Former Employee Subclass</u>: All persons who worked for Defendants as hourly, non-exempt employees in California, and who resigned or were terminated at any time from three (3) years prior to the commencement of this action until judgment is entered (the "Former Employee Subclass").

d.    <u>Wage Statement Subclass</u>: All persons who worked for Defendants as hourly, non-exempt employees in California at any time from one (1) year prior to the commencement of this action until judgment is entered (the "Wage Statement Subclass").

55.    Excluded from the Class and Subclasses are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Classes.

56.    Members of the Class and Subclasses described above are referred to herein collectively as "California Class members" or "class members."

57.    <u>Reservation of Rights</u>. Plaintiff reserves the right to amend or modify the Class and Subclass definitions with greater specificity and to add additional subclasses as appropriate based on further investigation and discovery. Plaintiff also reserves the right to pursue the cause of action for civil penalties under the Labor Code Private Attorneys General Act of 2004 in a representative capacity without complying with Fed. R. Civ. P. 23.

58.    <u>Ascertainable Class</u>. The proposed Class and Subclasses may be readily

ascertained by a review of Defendant's payroll and personnel records.

59.     Numerosity. Fed. R. Civ. P. 23(a)(1). Both the Class and Subclasses are so numerous that joinder of all members is unfeasible and not practicable. While the precise number of Class and Subclass members has not been determined at this time, Plaintiff is informed and believe that more than one hundred (100) class members have worked for Defendant as non-exempt employees in California during the relevant time period. The quantity and identity of such membership is readily ascertainable by a review of Defendant's payroll and personnel records.

60.     Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to all class members, which predominate over any questions affecting only individual class members. The principal common issues include:

a.      Whether Defendant required, suffered or permitted class members to perform certain work-related duties without compensation equal to at least the applicable California minimum wage;

b.      Whether Defendant required class members to work over eight (8) hours per day, or over forty (40) hours per week, without paying class members all legally required overtime compensation;

c.      Whether Defendant required, suffered or permitted class members to work while clocked out for their meal periods;

d.      Whether Defendant required, suffered or permitted class members to work during rest periods;

e.      Whether Defendant violated Labor Code Sections 1182.12, 1194, 1197 and 1198 and IWC Wage Order 4-2001, Section 4 by failing to pay class members the applicable minimum wage for all hours worked;

f.      Whether Defendant violated Labor Code Sections 510 and IWC Wage Order 4-2001, Section 3 by failing to pay class members the applicable overtime wage for all overtime hours worked;

g.      Whether Defendant failed to provide class members with compliant, off-

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

duty meal periods and meal period premium wages in violation of Labor Code Sections 226.7, 512 and IWC Wage Order 4-2001, Section 11;

h.  Whether Defendant failed to provide class members with rest periods and rest period premium wages in violation of Labor Code Sections 226.7 and IWC Wage Order 4-2001, Section 12;

i.  Whether Defendant knowingly and intentionally failed to provide class members with accurate wage statements, as required by Labor Code Section 226 and IWC Wage Order 4-2001, Section 7;

j.  Whether Defendant violated Labor Code Section 1174 and IWC Wage Order No. 4-2001, Section 7 by failing to maintain documentation of the actual hours worked each day by Plaintiff and other California Class members;

k.  Whether Defendant failed to reimburse class members for all business-related expenditures and/or losses incurred by class members at Defendant's direction for work purposes;

l.  Whether Defendant violated Labor Code Section 204 by failing timely to pay all earned wages due to class members during their employment;

m.  Whether Defendant violated Labor Code Sections 201 and 202 by failing timely to pay all earned wages due to class members at the time of termination or resignation;

n.  Whether Defendant engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq*.; and

o.  Whether class members are entitled to liquidated damages from Defendant for unpaid minimum wages under Labor Code Section 1194.2;

p.  Whether class members are entitled to injunctive relief;

q.  Whether class members are entitled to restitution;

r.  Whether class members are entitled to prejudgment interest;

s.      Whether class members are entitled to attorneys' fees and costs;

t.      Whether class members and the State of California are entitled to civil penalties pursuant to Labor Code Section 2968, *et seq*.;

u.      The appropriate amount of damages, restitution, and monetary penalties resulting from Defendant's violations of California law.

61.     <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class and Subclasses that she seeks to represent. Plaintiff and other California Class and Subclass members sustained the same types of injuries and damages arising out of and caused by Defendant's common course of unlawful conduct.

62.     <u>Adequacy of Representation</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of all class members, and has no interests antagonistic to the other California Class members. There are no material conflicts between the Plaintiff's claims and the claims of the other California Class members that would make class certification inappropriate. Plaintiff has retained counsel experienced in handling complex class actions and wage and hour claims.

63.     <u>Superiority of Class Action</u>. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available means for fair and efficient adjudication of class members' claims, and offers significant benefits to the parties and the Court. A class action will allow a large number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. Additionally, because the monetary amounts due to many individual class members are likely to be relatively small, it would make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve important public interests by enabling the statutory rights of class members to be effectively asserted and fundamental public policies to be vindicated in one proceeding. A class action will also provide a means for vindicating the rights of current employees who

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

are less likely to come forward to assert those rights based on fears of employer reprisal. Finally, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

64.    <u>Injunctive and Declaratory Relief</u>. Fed. R. Civ. P. 23(b)(2). Defendant's violations of the federal and state wage and hour laws and California's Unfair Competition Law are uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## **FIRST CAUSE OF ACTION**

### **Failure to Pay Minimum Wages in Violation of the FLSA**

### **(29 U.S.C. § 206)**

65.    Plaintiff incorporates all preceding allegations as if fully set forth herein.

66.    At all relevant times, Defendant has been and remains an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed employees, including Plaintiff and each member of the FLSA Collective.

67.    Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

68.    The FLSA requires all covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than the applicable minimum wage for all hours worked.

69.    By failing to compensate Plaintiff and the FLSA Collective the applicable minimum wage for all hours worked, Defendant violated the FLSA, 29 U.S.C. § 206.

70.    By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages,

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CLASS AND COLLECTIVE ACTION COMPLAINT

hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

71.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

72.    Plaintiff, on behalf of herself and the FLSA Collective, seek damages in the amount of all unpaid minimum wages owed to herself and the FLSA Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

73.    Plaintiff, on behalf of herself and the FLSA Collective, seek recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Failure to Pay Minimum Wage in Violation of California Law**

**(Labor Code §§ 1182.12, 1194, 1197 and 1198)**

74.    Plaintiff incorporates all preceding allegations as if fully set forth herein.

75.    Labor Code Sections 1182.12, 1194, 1197 and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.

76.    Compensable work time is defined in IWC Wage Order No. 4–2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code. Regs. tit. 8, § 11040(2)(K) (defining "Hours Worked").

77.    Defendant employed Plaintiff and other California Class members as non-exempt employees who were entitled to the protections of Labor Code Sections 1182.12, 1194, 1197 and 1198 and IWC Wage Order 4-2001.

78.     As set forth above, in violation of Labor Code Sections 1182.12, 1194, 1197 and 1198 and IWC Wage Order 4-2001, Defendant failed to pay Plaintiff and other California Class members the applicable minimum wage for all hours worked

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

because Defendant failed to pay Plaintiff and other California Class members the applicable minimum wage for the time that Defendant required, permitted or suffered Plaintiff and other California Class members to work off-the-clock, and/or that was edited and removed from the time records of Plaintiff and other California Class members.

79.     Labor Code Section 1194(a) provides that "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

80.     Labor Code Section 1194.2(a) provides that "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

81.     Labor Code Section 218.5(a) provides that "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."

82.     As a direct and proximate result of Defendant's conduct, Plaintiff and other California Class members have suffered damages in amounts to be proven at trial and are entitled to recover and hereby seek all appropriate remedies provided by the Labor Code and IWC Wage Orders, including unpaid wages in an amount to be determined at trial, pre-judgment interest, liquidated damages, attorneys' fees and costs of suit.

## **THIRD CAUSE OF ACTION**

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

**Failure to Pay Overtime Wages**

**(Labor Code §§ 510, 1194, 1198)**

83.   Plaintiff incorporates all preceding allegations as if fully set forth herein.

84.   Labor Code Section 510 provides that "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

85.   An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including non-discretionary bonuses and incentive pay.

86.   Labor Code Section 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable IWC Wage Order.

87.   Section 3 of IWC Wage Order No. 4-2001 provides in pertinent part that:

> [E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
>
> (a) One and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and
>
> (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

Custis Law, P.C.
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

88. Defendant employed Plaintiff and other California Class members as non-exempt employees who were entitled to the protections of Labor Code Sections 510, 1194, 1198 and IWC Wage Order 4-2001.

89. As noted above, Defendant failed to compensate Plaintiff and other California Class members for all overtime hours worked pursuant to Labor Code Sections 510, 1194, 1198 and IWC Wage Order 4-2001.

90. As set forth above, in violation of Labor Code Sections 510, 1194, 1198 and IWC Wage Order 4-2001, Defendant failed to pay Plaintiff and other California Class members for all overtime hours worked because Defendant required, permitted or suffered Plaintiff and other California Class members to work off-the-clock, and/or because Defendant edited and shaved the time records of Plaintiff and other California Class members to eliminate overtime hours worked.

91. When Plaintiff and other California Class members worked eight or more hours on-the-clock, the off-clock work clearly constituted work in excess of eight hours in workday and should have been paid at the applicable overtime rate. When Plaintiff's and other California Class members' time records indicate that they worked close to eight hours in a workday on the clock—e.g., when their time cards reflect that they worked 7.9 or 7.93 total hours—the off-the-clock work also caused Plaintiff's and class member's total hours worked to exceed eight (8) hours on such a workday and, likewise, should have been paid at the applicable overtime rate.

92. As a direct and proximate result of Defendant's conduct, Plaintiff and other California Class members have suffered damages in amounts to be proven at trial and are entitled to recover and hereby seek all appropriate remedies provided by the Labor Code and IWC Wage Orders, including unpaid wages, interest, attorneys' fees and costs of suit.

## **FOURTH CAUSE OF ACTION**

### **Failure to Provide Rest Periods**

### **(Labor Code §§ 226.7 and 1198)**

93.     Plaintiff incorporates all preceding allegations as if fully set forth herein.

94.     At all relevant times, IWC Wage Order No. 4–2001 and Labor Code Sections 226.7 and 1198 were applicable to Plaintiff's and other California Class members' employment by Defendant.

95.     IWC Wage Order No. 4–2001 provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

96.     Labor Code Section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. To comply with its obligation to provide rest periods under Labor Code Section 226.7 and the applicable IWC wage order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties - including the obligation that an employee remain on call. A rest period, in short, must be a period of rest." *Augustus, et al. v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 269-270.

97.     Upon information and belief, Plaintiff and other California Class members were subject to the same policies, practices and procedures governing the provision of rest periods.

98.     Plaintiff and other California Class members regularly worked shifts of more than four (4) hours and were entitled to an uninterrupted, off-duty rest period of not less than ten (10) minutes. Plaintiff and other California Class members also regularly worked shifts in excess of six (6) hours, or more, and were entitled to at least a second uninterrupted, off-duty rest period of not less than ten (10) minutes.

99.     Nevertheless, as detailed above, Defendant engaged in a company-wide practice and/or policy of failing to provide Plaintiff and other California Class

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

members with uninterrupted, off-duty rest periods when required. Because Defendant required that Plaintiff and other California Class members remain on-duty, and/or because they did not provide them with rest period coverage, Plaintiff and other California Class members were subject to Defendant's control and required, permitted and suffered to work during rest periods.

100.   Defendant has also engaged in a company-wide practice and/or policy of not paying rest periods premium wages owed when compliant rest periods are not provided. As a result, Plaintiff and other California Class members were denied rest periods and Defendant failed to pay Plaintiff and other California Class members the full rest period premiums due, in violation of Labor Code Section 226.7 and IWC Wage Order No. 4–2001.

101.   As a direct and proximate result of Defendant's conduct, Plaintiff and other California Class members have been damaged in an amount to be determined at trial, and hereby seek one additional hour of pay at their regular rate of compensation for each day that a compliant rest period was not provided in a cumulative amount to be determined at trial, plus pre-judgment interest.

## **FIFTH CAUSE OF ACTION**

### **Failure to Provide Meal Periods**

### **(Labor Code §§ 226.7, 512(a) and 1198)**

102.   Plaintiff incorporates all preceding allegations as if fully set forth herein.

103.   Labor Code Section 512(a) provides in pertinent part that:

> An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

104.   Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 1041-1042.

105.   Labor Code Section 226.7 provides in pertinent part that:

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission . . . , the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

106.   Labor Code Section 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable IWC Wage Order.

107.   IWC Wage Order No. 4-2001, Section 11 provides, in pertinent part:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

108. Upon information and belief, Plaintiff and other California Class members were subject to the same policies, practices and procedures governing the provision of meal periods.

109. Plaintiff and other California Class members regularly worked more than five (5) hours per shift and were entitled to an uninterrupted, off-duty meal period of not less than thirty (30) minutes.

110. Nevertheless, as detailed above, Defendant engaged in a company-wide practice and/or policy of failing to provide Plaintiff and other California Class members with uninterrupted, off-duty meal periods when required.

111. Upon information and belief, Plaintiff and other California Class members did not validly or legally waive their first meal periods by mutual consent with Defendant or otherwise.

112. Upon information and belief, Plaintiff and other California Class members did not enter into any written agreement with Defendant agreeing to an on-

CLASS AND COLLECTIVE ACTION COMPLAINT

the-job paid meal period.

113.   Thus, Defendant failed to provide Plaintiff and other California Class members with meal periods as required by Labor Code Sections 226.7 and 512, and IWC Wage Order No. 4–2001.

114.   Defendant has also engaged in a company-wide practice and/or policy of not paying rest periods premium wages owed when compliant rest periods are not provided. As a result, Plaintiff and other California Class members were denied meal periods and Defendant failed to pay Plaintiff and other California Class members the meal period premiums due, in violation of Labor Code Sections 226.7 and 512, and IWC Wage Order No. 4–2001.

115.   As a direct and proximate result of Defendant's conduct, Plaintiff and other California Class members have been damaged in an amount to be determined at trial, and hereby seek one additional hour of pay at their regular rate of compensation for each day that a compliant meal period was not provided in a cumulative amount to be determined at trial, plus pre-judgment interest, penalties and costs of suit.

## SIXTH CAUSE OF ACTION

### Failure To Reimburse Business Expenditures

### (Labor Code § 2802)

### (On behalf of the Unreimbursed Business Expense Subclass)

116.   Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

117.   Labor Code Section 2802(a) provides that an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

118.   The purpose of Labor Code Section 2802 is to prevent employers from passing off their costs of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal. App. 4th 1137, 1144.

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

119.   Labor Code Section 2802(b) provides that "All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions" and that "Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

120.   Labor Code Section 2802(c) provides that, "[f]or the purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

121.   Labor Code Section 1198 provides that it is unlawful to employ persons under conditions prohibited by the applicable IWC Wage Order.

122.   IWC Wage Order No. 4-2001, Section 9 provides in pertinent part:

> (B) When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer…

123.   Defendant had and, on information and belief, continues to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred.

124.   As detailed above, Defendant as a matter of practice and/or policy violated Labor Code Section 2802 by denying Plaintiff and other Unreimbursed Business Expense Subclass members reimbursement for necessary expenditures that they incurred as a result of discharging their duties and/or obeying the directions of Defendant. Plaintiff and other Unreimbursed Business Expense Subclass members were required to incur numerous out-of-pocket expenses to obtain and maintain a personal cell phone and the data usage that were used at Defendant's direction for work purposes.

125.   Defendant could have provided Plaintiff and other Unreimbursed Business Expense Subclass members with the actual tools required for use on the job, including company phones. Defendant also could have provided Plaintiff and other

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

Unreimbursed Business Expense Subclass members with a company car to use for business-related purposes. Defendant also could have reimbursed Plaintiff and other Unreimbursed Business Expense Subclass members for the costs they incurred in maintaining a personal cell phone and cellular data plan. Instead, Defendant passed those operating costs off onto Plaintiff and other Unreimbursed Business Expense Subclass members in violation Labor Code Section 2802.

126.   As a direct and proximate result of Defendant's conduct, Plaintiff and other Unreimbursed Business Expense Subclass members are entitled to recover, and hereby seek, their business-related expenses incurred during the course of their employment in a total, cumulative amount to be determined at trial, plus pre-judgment interest from the dates on which Plaintiff and other Unreimbursed Business Expense Subclass members incurred the necessary business-related expenses, plus reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

### (Labor Code § 226(a))

### (On Behalf of the Wage Statement Subclass)

127.   Plaintiff incorporates all preceding allegations as if fully set forth herein.

128.   Labor Code Section 226(a) provides in pertinent part:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or their employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . , (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

is paid, (7) the name of the employee and only the last four digits of his or their social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . .

129. During the relevant time period, Defendant has knowingly and intentionally provided Plaintiff and other Wage Statement Subclass members with uniform incomplete and inaccurate wage statements as follows:

a. Defendant violated Labor Code Sections 226(a)(1), 2267(a)(2) and 226(a)(5) and 226(a)(9) by failing to include the accurate amount of "gross wages," "net wages" and "total hours worked" because Defendant failed to record and compensate Plaintiff and other Wage Statement Subclass members for all off-the-clock work;

b. Defendant also violated Labor Code Sections 226(a)(1) and 226(a)(5) by failing to include the accurate amount of "gross wages" and "net wages" because Defendant shaved time and edited the time records of Plaintiff and other Wage Statement Subclass members to reduce total hours worked and/or eliminate meal period penalties ; and

c. Defendant violated Labor Code Section 226(a)(2) by failing to include the accurate number of "total hours worked by the employee" because Defendant did not include time spent working during on-duty rest and meal periods for which Plaintiff and other Wage Statement Subclass members should have been compensated; and

d. Defendant violated Labor Code Section 226(a)(9) by failing to include "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" because Defendant shaved time to eliminate overtime hours.

130. Labor Code Section 226(e)(1) provides in pertinent part that "An

-28-
CLASS AND COLLECTIVE ACTION COMPLAINT

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

131.   Labor Code Section 226(e)(2) provides that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in Labor Code Section 226(a) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information.

132.   As a result of Defendant's failure to comply with Labor Code Section 226(a), Plaintiff and other Wage Statement Subclass members suffered injuries because they could not promptly and easily ascertain the information required by Labor Code Section 226(a) without reference to other documents or information. In addition, Plaintiff and other Wage Statement Subclass members suffered injuries because they were not aware of what their true wages should have been and how they were calculated, and because Plaintiff and other Wage Statement Subclass members suffered economic loss in the form of lower wages and lost compensation.

133.   As a direct and proximate result of Defendant's conduct, Plaintiff and other Wage Statement Subclass members are entitled to recover from Defendant, and hereby seek, the greater of their actual damages caused by Defendant's failure to comply with Labor Code Section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

134.   Plaintiff and other Wage Statement Subclass members also seek preliminary and permanent injunctive relief and an award of attorneys' fees and costs pursuant to Labor Code Section 226(h).

## **EIGHTH CAUSE OF ACTION**

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CLASS AND COLLECTIVE ACTION COMPLAINT

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

**Failure To Pay Wages Timely During Employment**

**(Labor Code § 204)**

**(Against all Defendant)**

135.   Plaintiff incorporates all preceding allegations as if fully set forth herein.

136.   Labor Code Section provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

137.   Labor Code Section 204 also provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

138.   In addition, Labor Code Section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, Labor Code Section 204 provides that its requirements are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

139.   At all relevant times, Defendant willfully failed to pay Plaintiff and other California Class members all wages due including, but not limited to, minimum wages, separate rest period wages, separate non-productive time wages, and meal and rest period premium wages, within the time periods specified by Labor Code Section 204, and therefore violated Labor Code Section 204.

140.   Labor Code Section 210 provides in pertinent part, "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections . . . 204. . ., shall be subject to a penalty as follows: (1) For any initial violation, one hundred

dollars ($100) for each failure to pay each employee; and (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

141.   As a direct and proximate result of Defendant's conduct, Plaintiff and other California Class members are therefore entitled to recover from Defendant, and hereby seek, penalties pursuant to Labor Code Section 204 in a total, cumulative amount to be determined at trial.

## NINTH CAUSE OF ACTION

### Failure To Pay Wages Timely at Termination

### (Labor Code §§ 201, 202, 203)

### (On behalf of the Former Employee Subclass)

142.   Plaintiff incorporates all preceding allegations as if fully set forth herein.

143.   Labor Code Section 201 provides that, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

144.   Labor Code Section 202 provides that if an employee voluntarily leaves his or their employment, the employee's wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or their intention to quit, in which case the employee is entitled to his or their wages at the time of quitting.

145.   Labor Code Section 203 provides that if an employer willfully fails to pay compensation as required by Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty work days.

146.   As detailed above, during the class period, Defendant willfully failed to pay Plaintiff and Former Employee Subclass members all their earned wages, including, but not limited to minimum wages, overtime wages, and rest and meal

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

period premium wages, either at the time of their discharge, or within seventy-two (72) hours after their resignation.

147.   Defendant's failure to pay Plaintiff and Former Employee Subclass members their earned and unpaid wages at the time of discharge, or within seventy-two (72) hours after their resignation, violates Labor Code Sections 201 and 202.

148.   As a direct and proximate result of Defendant's conduct, Plaintiff and Former Employee Subclass members are therefore entitled to recover from Defendant, and hereby seek, waiting time penalties for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to Labor Code Section 203 in a total, cumulative amount to be determined at trial.

## TENTH CAUSE OF ACTION

### Violations of Unfair Competition Law

### (Business & Professions Code § 17200, *et seq.*)

149.   Plaintiff incorporates all preceding allegations as if fully set forth herein.

150.   The California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), prohibits unfair competition. The UCL defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

151.   A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

152.   As detailed above, throughout the relevant time period, Defendant has a matter of practice and/or policy violated the FLSA, 28 U.S.C. § 201, *et seq.*, and the California Labor Code Sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2802, and Cal. Code Regs. tit. 8, § 11040. Based on those violations, Defendant engaged in unlawful business practices in violation of the UCL throughout the relevant time period.

153.   Throughout the relevant time period, Defendant as a matter of practice and/or policy also engaged in unlawful business practices by violating Labor Code

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CLASS AND COLLECTIVE ACTION COMPLAINT

Sections 204 and 1174(d), as follows:

154.   Defendant also violated Labor Code Section 1174(d). Pursuant to Labor Code Section 1174(d), every employer in the state shall: "Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments." These records must be kept in accordance with rules established for this purpose by Labor Commissioner, but in any case shall be kept on file for not less than three years.

155.   At all relevant times, Defendant violated Labor Code Section 1174 by failing to maintain an accurate record of Plaintiff's and other California Class members' total hours worked because, among other reasons, Defendant did not include in total hours worked the time spent by Plaintiff and other California Class members during on-duty meal periods.

156.   A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

157.   Defendant also committed "unfair" business acts or practices by, among other things: (a) engaging in conduct where the utility of the conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and other California Class members; (b) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and other California Class members; and (c) engaging in conduct that undermines and violates the stated policies underlying the Labor Code and applicable IWC Wage Order, which seeks to protect employees against unfair and sharp business practices.

158.   As a result of Defendant's unlawful and unfair business practices, Plaintiff and other California Class members have suffered injury in fact and lost money or property including but not limited to the loss of earned wages.

159.   As a result of the violations of California law herein described, Defendant unlawfully gained an unfair advantage over other businesses.

160.   Pursuant to Business & Professions Code Sections 17200, *et seq.*, Plaintiff and other California Class members are entitled to, and hereby seek, (a) restitution of the wages and other monies withheld and retained by Defendant during a period that commences four years prior to the filing of the initial complaint in this action; (b) a permanent injunction requiring Defendant to pay all outstanding wages due to Plaintiff and other California Class members; (c) a permanent injunction prohibiting Defendant from engaging in the acts complained of in the operative Complaint; and (d) an award of attorneys' fees and costs pursuant to Code of Civil Procedure Section 1021.5 and/or other applicable laws.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective, prays for judgment against Defendant as follows:

### On the First Cause of Action

### (Failure to Pay Minimum Wages in Violation of the FLSA)

1.   Designation of this action as a collective action on behalf of Plaintiff and all other similarly situated non-exempt employees nationwide, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

2.   Judgment that Plaintiff and those similarly situated employees are non-exempt employees entitled to protection under the FLSA;

3.   Judgment against Defendant for violation of the minimum wage provisions of the FLSA;

4.   Judgment that Defendant's violations as described above were willful;

5.   An award in an amount equal to Plaintiff's and the Collective's unpaid back wages at the applicable minimum wage rate;

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

6.     An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

7.     An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

8.     An award of prejudgment interest to the extent liquidated damages are not awarded;

9.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

10.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

WHEREFORE, Plaintiff, on behalf of herself and the California Class and Subclasses, prays for judgment against Defendant as follows:

### Class Certification

1.     That the Court determine that this action may be maintained as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

2.     That Plaintiff be designated as the representative of the Rule 23 California Class and Subclasses;

3.     That Plaintiff's Counsel be designated as Class Counsel.an order certifying the class(es) and subclass(es) as a class action;

### On the Second Cause of Action

### (Failure to Pay Minimum Wages)

4.     For compensatory damages in the amount of all unpaid wages owed to the Plaintiff and other California Class members in an amount to be determined at trial;

5.     For liquidated damages in the amount of unpaid minimum wages not paid to the Plaintiff and other California Class members pursuant to Labor Code Section 1194.2;

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

6. For reasonable attorneys' fees and costs pursuant to Labor Code Sections 218.5 and 1194, and/or any other basis;

7. For prejudgment interest on any unpaid minimum wage compensation from the date such amounts were due, or as otherwise provided by law; and

8. For such other and further relief as the Court deems just and proper.

### On the Third Cause of Action
### (Failure To Pay Overtime Wages)

9. For unpaid overtime wages owed to the Plaintiff and other California Class members in an amount to be determined at trial;

10. For reasonable attorneys' fees and costs pursuant to Labor Code Sections 218.5 and 1194, and/or any other basis;

11. For prejudgment interest on any unpaid minimum wage compensation from the date such amounts were due, or as otherwise provided by law; and

12. For such other and further relief as the Court deems just and proper.

### On the Fourth Cause of Action
### (Failure To Provide Rest Periods)

13. For one (1) hour of pay at the regular rate of compensation for the Plaintiff and each class member for each workday that a required rest period was not provided;

14. For prejudgment interest on any unpaid rest period premium wages from the date such amounts were due, or as otherwise provided by law;

15. For reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure Section 1021.5, and/or as otherwise provided by law; and

16. For such other and further relief as the Court deems just and proper.

### On the Fifth Cause of Action
### (Failure To Provide Meal Periods)

17. For one (1) hour of pay at the regular rate of compensation for the Plaintiff and each class member for each workday that a required meal period was not

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

provided;

18. For prejudgment interest on any unpaid meal period premium wages from the date such amounts were due, or as otherwise provided by law;

19. For reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure Section 1021.5, or as otherwise provided by law; and

20. For such other and further relief as the Court deems just and proper.

### On the Sixth Cause of Action

### (Failure to Reimburse Business Expenses)

21. For an award of unreimbursed business expenses incurred by the Plaintiff and other California Class members in an amount to be determined at trial;

22. For pre-judgment interest on the unreimbursed business expenses from the date such expenses were incurred by the Plaintiff and other California Class members pursuant to Labor Code Section 2802(b), or as otherwise provided by law;

23. For reasonable attorneys' fees and costs pursuant to Labor Code Section 2802(c) and/or as otherwise provided by law; and

24. For such other and further relief as the Court deems just and proper.

### On the Seventh Cause of Action

### (Failure to Provide Accurate Wage Statements)

25. For statutory penalties pursuant to Labor Code Section 226(e);

26. For injunctive relief pursuant to Labor Code Section 226(h);

27. For attorneys' fees and costs pursuant to Labor Code Section 226(e)(1) and (h); or as otherwise provided by law; and

28. For such other and further relief as the Court deems just and proper.

### On the Eighth Cause of Action

### (Failure to Timely Pay Wages During Employment)

29. For statutory penalties pursuant to Labor Code Section 210;

30. For reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure Section 1021.5, or as otherwise provided by law; and

31.     For such other and further relief as the Court deems just and proper.

## On the Ninth Cause of Action

### (Failure to Timely Pay Wages at Termination)

32.     For waiting time penalties pursuant to Labor Code Sections 201, 202 and 203;

33.     For prejudgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

34.     For reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure Section 1021.5, or as otherwise provided by law; and

35.     For such other and further relief as the Court deems just and proper.

## On the Tenth Cause of Action

### (Violations of Unfair Competition Law)

36.     For an order requiring Defendant to provide restitution of all unpaid wages and other monies wrongfully withheld and retained by Defendant from the Plaintiff and other California Class members;

37.     For an order entering a permanent injunction prohibiting Defendant from engaging in the unlawful conduct in California complained of in this Complaint;

38.     For prejudgment interest on all amounts claimed from the day that such amounts were due;

39.     For reasonable attorneys' fees and costs pursuant to Code of Civil Procedure Section 1021.5; and/or as otherwise provided by law; and

40.     For such other and further relief as the Court deems just and proper.

//
//
//
//
//

CUSTIS LAW, P.C.
1999 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067

1

## <u>**DEMAND FOR JURY TRIAL**</u>

2

Plaintiff demands trial by jury of all claims triable by jury.

3

**CUSTIS LAW, P.C.**

4

5

6   Dated: August 17, 2021

By: /s/ Keith Custis
Keith Custis

7

**CUSTIS LAW, P.C.**

8

1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067

9

Telephone: (213) 863-4276

10

Facsimile: (213) 863-4277

11

12

*Counsel for Plaintiff and the Proposed Classes*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

## TUESDAY MORNING, INC.
## PLAINTIFF CONSENT FORM

Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, against Tuesday Morning, Inc. ("Defendant") and any other related entities or affiliates, to recover minimum wages.

2. During the past three years, there were times when I worked as an hourly-paid, non-exempt employee when I did not receive the applicable minimum wage for all the hours that I worked.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Defendant, and any other related entities or affiliates.

Date: 8/16/2021

DocuSigned by:

Courtney Cheever

Signature ——4F2C9B14BF89455...

Courtney Cheever

Print Name

**Information below will be redacted in filings with the court. Please print or type.**

**Please return this form by
Fax, email or mail to:**

**Custis Law, P.C., Attn. Keith A. Custis
Email: TMIconsents@custislawpc.com
Fax: 213-863-4277
Address: 1999 Avenue of the Stars, Suite 1100
         Los Angeles, CA 90067
Web: www.custislawpc.com**